UNITED STATES DISTRICT COURT

                      DISTRICT OF CONNECTICUT


MICHAEL EDWARD URBANO,
        Plaintiff,
                                            PRISONER
     v.                           CASE NO. 3:11-cv-806(AWT)

BRIAN K. MURPHY, et al.,
        Defendants.

                       **INITIAL REVIEW ORDER**

     The plaintiff, who is incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut ("MacDougall-Walker"), has filed a complaint *pro se* under 42 U.S.C. § 1983. He sues Warden Peter J. Murphy, Counselor Paskins, Captain Otero, Lieutenant Alexander, District Administrator Michael P. Lajoie, Commissioner of Correction Brian K. Murpy and Correctional Officers Roy and McMahan.

     Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

On October 14, 2010, as Counselor Paskins passed by the plaintiff's cell, she observed the plaintiff using the toilet with a bed sheet over the lower half of his body. She informed the plaintiff that she would be issuing him a disciplinary ticket for obstructing her view of his cell. The plaintiff received the disciplinary ticket later that day charging him with interfering with safety and security.

On October 19, 2010, Correctional Officer McMahan, who had been assigned to investigate the disciplinary report, interviewed

the plaintiff.  The plaintiff informed Officer McMahan that the disciplinary report mentioned an Inmate Morales.  Officer McMahan indicated that the name Morales was a typographical error.  The plaintiff refused to plead guilty to the ticket.

On October 25, 2010, a hearing was held by Lieutenant Alexander concerning the disciplinary ticket.  The plaintiff participated in the hearing with the assistance of an advocate.  After the hearing, Lieutenant Alexander found the plaintiff guilty of interfering with safety and security and imposed concurrent sanctions of one month loss of recreation and one month loss of phone privileges.  The plaintiff appealed the guilty finding.  On December 23, 2010, District Administrator Lajoie found no serious due process failure and affirmed the guilty finding.  The plaintiff states that after the guilty finding, prison officials would not permit him to continue with his vocational or educational program.

The plaintiff indicates that Captain Otero, Correctional Officer Roy and Warden Murphy were employed at MacDougall-Walker.  He describes Captain Otero as his Housing Unit Manager and Correctional Officer Roy as a member of the disciplinary committee.  He indicates that Brian K. Murphy was the Acting Commissioner of Correction for the State of Connecticut.  The plaintiff does not otherwise mention these defendants in the body of the complaint.  Thus, the plaintiff has not alleged that they

violated his federally or constitutionally protected rights. The claims against defendants Otero, Roy, Peter J. Murphy and Brian K. Murphy are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

In *Sandin*, the Supreme Court considered the requirements for stating a claim for denial of procedural due process. The Supreme Court held that the plaintiff must demonstrate both a protected liberty or property interest and that he had been deprived of that interest without being afforded due process of law. To establish a protected liberty or property interest, the plaintiff must show that the state created a liberty interest by statute or regulation and that the deprivation of that interest caused him to suffer an atypical and significant hardship. *See Tellier v. Fields*, 280 F.3d 69, 81 (2d Cir. 2000).

*Sandin* held that confinement in the restrictive housing unit for thirty days for disciplinary reasons did not implicate a constitutional liberty interest. *Sandin*, 515 U.S. at 485-86. Further, the Second Circuit has held that confinement in restrictive housing for less that 101 days does not constitute an atypical and significant hardship sufficient to state a claim under *Sandin*. *See Lewis v. Sieminski*, No. 3:08-CV-728(JCH), 2010 WL 3827991, at *6 (D. Conn. Sept. 22, 2010) (noting that "the decisions in the Second Circuit are unanimous that keeplock or [segregated housing unit] confinement of 30 days or less in New York prisons is not 'atypical or significant hardship' under

*Sandin"); see also Frazier v. Coughlin*, 81 F.3d 313, 317-18 (2d Cir. 1996) (holding that 120 day confinement in segregation followed by 30 day loss of recreation, commissary privileges, packages and telephone use did not state a cognizable claim for denial of due process); *Principio v. McGinnis*, No. 05-CV-0856A(F), 2007 WL 2344872, at *2 (W.D.N.Y. Aug. 15, 2007 ("Because plaintiff was sentenced to 60 days of keeplock with loss of telephone, packages, recreation and conjugal visits, the length of his sentence was not atypical and his conditions were not so unusual as to rise above the *Sandin* threshold and, therefore, he has failed to state a due process claim."); *Nicholson v. Murphy*, No. 3:02cv1815(MRK), 2003 WL 22909876, at *10-11 (D. Conn. Sept. 19, 2003) (holding that confinement in segregation under thirty days is not an atypical and significant hardship).

The plaintiff attaches the disciplinary hearing summary indicating that Lieutenant Alexander imposed concurrent sanctions of a one month loss of recreation and a one month loss of phone privileges. As the plaintiff's total sanctions were only thirty days in length, they do not rise to the level of an atypical and significant hardship. Thus, the plaintiff has not alleged that he suffered a deprivation of a protected liberty interest.

Furthermore, even if the plaintiff had demonstrated the denial of a protected liberty interest, he does not assert that

any of the defendants denied him the procedural protections required by *Wolff v. McDonnell*, 418 U.S. 539, 561-70 (1974) (outlining procedures due when inmate subject to disciplinary sanctions), or *Hewit v. Helms*, 458 U.S. 460, 476 (1983) (outlining procedures due when inmate placed in administrative segregation pending a misconduct investigation). Thus, the plaintiff's Fourteenth Amendment Due Process claims against defendants Paskins, Alexander, McMahan and Lajoie must be dismissed. *See* 28 U.S.C. § 1915A(b)(1).

The plaintiff claims that he suffered violations of his equal protection rights. The Equal Protection Clause protects prisoners from invidious racial discrimination. *See Turner v. Safely*, 482 U.S. 78, 84 (1987). To prevail on an equal protection claim of racial discrimination, the plaintiff must show that he was treated differently from other similarly situated individuals and the reason for the different treatment was based on his race. *See Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000). The Equal Protection Clause does not mandate identical treatment for each individual; rather it requires that similarly situated persons be treated the same. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

The plaintiff does not mention his race. Further, he does not allege that was treated any differently than any other

inmate.  Accordingly, the equal protection claim is being dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

The plaintiff asserts that defendant Paskins violated his right to privacy when she looked in his cell and observed him using the toilet.  The plaintiff concedes, however, that he had a bed sheet covering the lower half of his body while he used the toilet.

Although inmates do "retain certain fundamental rights of privacy," *Houchins v. KOED, Inc.*, 438 U.S. 1, 5 n. 2(1978), these rights may be restricted and retracted in order to "maintain[ ] institutional security and preserve[ ] internal order and discipline."  *Bell v. Wolfish*, 441 U.S. 520, 546 (1979).  Cases in this Circuit and elsewhere addressing inmates' privacy rights suggest that occasional, indirect, or brief viewing of a naked prisoner by a guard of the opposite sex may be permissible, but that regular, close and frequent viewing is prohibited.  *See, e.g.*,  *Thomas v. Shields*, No. 92–6678, 981 F.2d 1252, 1992 WL 369506, at *1 (4th Cir. Sept. 15, 1992) (male plaintiff's "right to privacy was not violated by the occasional, inadvertent encounter with female guards" who observed him in shower and on toilet); *Michenfelder v. Sumner*, 860 F.2d 328, 334 (9th Cir. 1988) ("Our circuit's law respects an incarcerated prisoner's right to bodily privacy, but has found that assigned positions of female guards that require only infrequent and casual

7

observation, or observation at a distance, and that are reasonably related to prison needs are not so degrading as to warrant court interference."); *Rogers v. Clark*, 94-CV-0444, 1996 WL 328218, at *1 (W.D.N.Y. June 11, 1996) (court found no basis for detainee's claim that "female correctional officer glanced at him as he completed taking a shower" violated his constitutional right to privacy under either the Fourteenth or Fourth Amendments); *Miles v. Bell*, 621 F. Supp. 51, 67-68 (D. Conn. 1985) (finding no violation of inmates' right to privacy because inmates failed to demonstrate that female guards regularly and frequently viewed them undressing or using the shower or toilet).

The plaintiff alleges that Counselor Paskins viewed him on one occasion as he sat on the toilet with a sheet covering the lower half of his body.  This single instance of being viewed by a female correctional officer does not state a claim of a violation of the plaintiff's right to privacy.  Thus, the privacy claim is being dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

                              **ORDERS**

The court enters the following orders:

(1)  All federal claims against the defendants are hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  The court declines to exercise supplemental jurisdiction over any state law claims.  *See United Mine Workers v. Gibbs*, 383 U.S. 715, 715-26 (1966) (holding that, where all federal claims have been

dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution by the state courts). If the plaintiff chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

(2) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Initial Review Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(3) The Clerk is directed to enter judgment for the defendants and close this case.

It is so ordered.

Dated this 23rd day of December 2013, at Hartford, Connecticut.

                                           /s/AWT
                                               Alvin W. Thompson
                                 United States District Judge